

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 24, 1958

Mr. O. B. Ellis, Director
Texas Department of Corrections
Huntsville, Texas

Opinion No. WW-518

Re: Computation of time to be
credited on the term of a
prisoner while he is con-
fined in a State mental
hospital.

Dear Mr. Ellis:

Your request for an opinion concerns the question of
whether the provisions of House Bill 906, 55th Legislature,
Regular Session, 1957, which repeals all existing statutes
and makes provisions for prisoners to receive credit for time
while in mental institutions, be retroactive in the case of a
prisoner who was in Rusk State Mental Hospital at the time the
Bill was passed.

Section 17 of House Bill 906, 55th Legislature, Regular
Session, 1957, chapter 486, at page 1416, also Article 932b
of Vernon's Annotated Code of Criminal Procedure, provides:

"The time a prisoner is confined in a
State mental hospital for treatment shall be
considered time served and shall be credited
to the term of his sentence, but he shall not
be entitled to any commutation of sentence for
good conduct while he is under treatment in a
mental hospital."

The effective date of this statute was January 1, 1958.

In our Opinion No. O-5721, addressed to the Texas
Prison System, Bureau of Records and Identification, Hunts-
ville, Texas, we passed upon the question whether inmates
of the Texas Prison System who may at various times be ad-
judged insane and committed to State institutions for the
insane are entitled to the benefits of the commutation of
time as prescribed by law.

In answering that question, we said:

"We are of the opinion that the
foregoing discussion dislcoses a legis-
lative policy in Texas of not subjecting
insane persons to criminal punishment and
that the time spent by an insane in a
state hospital should not be counted on
his sentence as a criminal."

This opinion was based primarily on the following
authorities:

Article 2 of the Penal Code provides:

"The object of punishment is to
supress crime and reform the offender."

Article 34 of the Penal Code in part reads:

" . . . No person who becomes insane
after he is found guilty shall be punished
while in such condition."

Articles 925 and 928 of Vernon's Code of Criminal
Procedure respectively provide:

"Upon the trial of an issue of
insanity, if the defendant is found to
be insane, all further proceedings in the
case against him shall be suspended until
he becomes sane."

"If the defendant becomes sane, he
shall be brought before the court in which
he was convicted or before the District Court
in the County in which the defendant is located
at the time he is alleged to have become sane;
and, a jury shall be impaneled in the Court be-
fore which such defendant is brought to try the
issue of his sanity; and, if he is found to be
sane, the conviction shall be enforced against
him as if the proceedings had never been suspended."

Also see Article 6184 L, Vernon's Civil Statutes, which
provides for allowing convicts overtime for good conduct.

Section 16 of Article I of the Texas Constitution pro-
vides:

"No bill of attainder, ex post facto law, retroactive law or any law impairing the obligation of contracts shall be made." (Emphasis added.)

In 39 Texas Jurisprudence, page 54, we find the following language:

" . . . A statute will not be applied or construed retrospectively or given retroactive operation, so as to affect existing rights or create new obligations and impose new duties as to past transactions, unless it clearly appears, from its terms or at least by fair implication, that the Legislature so intended. On the contrary, a statute is generally held to operate prospectively unless a contrary construction is required by the terms or the nature and object of the law. It is always presumed that a statute, not relating merely to remedies and modes of procedure, is intended to operate prospectively, and all doubts are resolved in favor of such construction." (Citing City of Ft. Worth v. Morrow, 284 S.W. 275.)

It is our opinion after examining House Bill 906, 55th Legislature, Regular Session, 1957, that the Legislature did not intend either clearly or by fair implication to make this statute retroactive in operation. Even if the statute is retroactive in operation the retroactive part would be void because violative of the Texas Constitution, Article IV, Section 11, which places all matters of clemency, reprieves, commutations and pardons, in the Governor. (See Ex Parte Anderson, 192 S.W. 2nd 289; Gilderbloom v. State, 272 S.W. 2nd 456.) It is our opinion that the time spend by prisoners who were in a state mental hospital prior to January 1, 1958, does not come under Section 17 of House Bill 906, 55th Legislature, Regular Session, 1957; that the time spent by prisoners after January 1, 1958, in such state mental hospitals would come under Section 17 of House Bill 906, 55th Legislature, Regular Session, 1957.

## SUMMARY

Section 17 of House Bill 906, 55th
Legislature, Regular Session, 1957,
is not a retroactive statute which
would give prisoners credit for
time spent while under treatment in
a state mental hospital prior to
January 1, 1958.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Leon F. Pesek
Assistant

LEP:mfh

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. Milton Richardson
Jack Goodman
Wm. R Hemphill
Dean Davis
Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert